Filed with Court Security Officer 7/20/07
Cleared for Public Filing 7/23/2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FADHEL HUSSEIN SALEH HENTIF,** also listed as Fadil Husayn Salih Hintif,<br><br>　　　　　　　　　　Petitioner/Plaintiff,<br>　　v.<br><br>**GEORGE W. BUSH**, et al.,<br><br>　　　　　　　　　　Respondents/Defendants. | CIVIL ACTION NO. 06-CV-01766 (HHK) |

**PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO NOTICE REGARDING CASE ACTIVITY AND MOTION FOR THIRTY DAYS' ADVANCE NOTICE OF INTENDED REMOVAL OF PETITIONER FROM GUANTANAMO**

Respondents portray the D.C. Circuit's *Boumediene* decision as the final arbiter of whether the Military Commissions Act ("MCA") strips this court of jurisdiction. But the Supreme Court's grant of certiorari in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (U.S. June 29, 2007), shows that jurisdiction remains an open question in this case and that the Supreme Court will have the final work in this matter. It could just as well find that:

> The writ would have reached the detainees at common law, and Congress has neither provided an adequate alternative remedy, through the Detainee Treatment Act of 2005, Pub. L. No. 109-148, Div. A, tit. X, 119 Stat. 2680, 2739 ("DTA"), nor invoked the exception to the Clause by making the required findings to suspend the writ. The MCA is therefore void and does not deprive this court or the district courts of jurisdiction.

*Id*. at 995 (Rogers, J., dissenting).

As a practical matter, the Supreme Court's grant in *Boumediene* makes it essential for this court to preserve its jurisdiction over Petitioner Hentif in this case until the issue can be decided.  Granting Petitioner's request for notice before transfer permits the Court to protect its jurisdiction by keeping Petitioner Hentif from being unwillingly transferred to a location over which the Court lacks jurisdiction.  All Writs Act, 28 U.S.C. § 1651(a); *Envtl. Def. Fund v. EPA*, 485 F.2d 780, 784 n.2 (D.C. Cir. 1973) (Courts have the inherent power "to issue injunctions to protect . . . jurisdiction.").  As Respondents acknowledge, one court has already granted the requested relief after the Supreme Court's grant of certiorari in *Boumediene*.  *See Ghanem v. Bush*, 05-cv-01638, dkt. 53 (D.D.C. July 10, 2007).

Respondents' claims that the requested relief will interfere with international relations are overblown.  If Respondents are sincere in their protestations that Petitioner faces no risk, they cannot be harmed by the notice provision.  Should Respondents transfer Petitioner Hentif to a location where he will not face abuse of process or person, there will be no need for Petitioner Hentif to seek relief from this Court.  In that situation, the parties can easily speed up the transfer process, an expediency that has already occurred in numerous cases with notification provisions in place.  Petitioner Hentif has no desire to slow down his transfer to a neutral or favorable location; to the contrary, he only requests some legal protection against finding himself in a worse situation than the one he currently faces.

Respondents' opposition brief does little to alleviate Petitioner Hentif's concerns that he will be transferred to a hostile location.  According to Respondents, the standard

used by the State Department is that detainees will not be transferred to countries where it is "more likely than not" they will be tortured. Opp. at 16; Williamson Decl. ¶ 4. On its face, the State Department policy will allow Petitioner Hentif to be transferred to a country where there is up to and including a **50 percent chance** that he will be tortured. The risk to Petitioner rises far beyond "mere speculation," though the precise level of risk is unknown (and cannot be discovered by Petitioner).

In their opposition, Respondents refrain from telling the Court that Petitioner Hentif will not be transferred to a prison in Afghanistan or some other undesirable location. Speaking in the broadest of generalities, the Williamson Declaration lists Afghanistan as a place where detainees could be transferred, and explicitly states: "A detainee may be considered for transfer to a country other than his country of nationality." *Id*. ¶¶ 2-3. None of these statements alleviate Petitioner Hentif's concerns, nor should they assuage the Court's concerns regarding possible transfer of the Petitioner.

Recent developments regarding detainee transfers and policies highlight some holes in Respondents' assurances to the Court. In particular, the United States has transferred detainees to places other than their home countries as recently as one week ago. *See* AP, *U.S. Sends Guantanamo Prisoner Who Tried to Kill Himself to Saudi Arabia*, July 17, 2007 (reporting that United States transferred a citizen of Bahrain to Saudi Arabia on July 14 or 15). Further, the press has been reporting the United States' plans to expand the prison facilities in Afghanistan and transfer Afghani Guantanamo detainees there this summer. *See, e.g.*, AP, *Inmates Detail U.S. Prison Near Kabul*, Oct. 1, 2006. The prison in Afghanistan already houses inmates from other countries. *Id*.

Petitioner Hentif fears that pressure to close Guantanamo might motivate the U.S. to move non-Afghani prisoners to Bagram, where widespread abuse has been documented. *See* Eliza Griswold, *Black Hole, the Other Guantanamo*, The New Republic, May 7, 2007, *available at* http://www.tnr.com/doc.mhtml?i=20070507&s=griswold050707.

While these facts are not conclusive, they suggest that Respondents will bear only a de minimis burden from the requested relief, while the prospective harm to Petitioner may be severe. Further, the Court has a strong interest in preserving the status quo until the jurisdiction question can be resolved by the Supreme Court. Thus, Petitioner Hentif respectfully requests this Court to grant 30 days' notice to counsel for Petitioner and this Court of intended removal from Guantanamo.

Dated: July 20, 2007.                              Respectfully submitted,

                                                   Counsel for Petitioner:

                                                      */s/ Brent N. Rushforth*
                                                   Brent N. Rushforth, DC Bar No. 331074
                                                   Kit A. Pierson, DC Bar No. 398123
                                                   Sarah B. Pojanowski, DC Bar No. 502036
                                                   Jenny L. Workman, DC Bar No. 502584
                                                   Elizabeth Arora
                                                   HELLER EHRMAN LLP
                                                   1717 Rhode Island Avenue, NW
                                                   Washington, DC 20036
                                                   Tel: (202) 912-2000
                                                   Fax: (202) 912-2020

                                                   Gitanjali S. Gutierrez
                                                   Pursuant to LCvR 83.2(g)
                                                   CENTER FOR CONSTITUTIONAL RIGHTS
                                                   66 Broadway, 7th Floor
                                                   New York, New York 10012
                                                   Tel: (212) 614-6439
                                                   Fax: (212) 614-6499

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FADHEL HUSSEIN SALEH HENTIF,** also listed as Fadil Husayn Salih Hintif, <br><br> Petitioner/Plaintiff, <br><br> v. <br><br> **GEORGE W. BUSH**, et al., <br><br> Respondents/Defendants. | **CIVIL ACTION NO. 06-CV-01766 (HHK)** |

### CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of July, 2007, I caused a true and correct copy of the **PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO NOTICE REGARDING CASE ACTIVITY AND MOTION FOR THIRTY DAYS' ADVANCE NOTICE OF INTENDED REMOVAL OF PETITIONER FROM GUANTANAMO** to be served by filing with the Court Security Officer, with notice of filing on the ECF system provided to:

TERRY M. HENRY
ANDREW WARDEN
JUDRY SUBAR
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470
Counsel for Respondents

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Sarah B. Pojanowski*