UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FADHEL HUSSEIN SALEH HENTIF,<br><br>Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>Respondents. | Civil Action 06-01766 (HHK) |

ORDER

Petitioner Hentif, a Yemeni national, has been detained by the U.S. military at Guantánamo Bay Naval Base for approximately five years and has filed a habeas corpus petition challenging the legality of his detention. Before the court is Petitioner's "Motion for Temporary Restraining Order and Preliminary Injunction Requiring Respondents to Provide Counsel for Petitioner and the Court with Thirty Days' Advance Notice of Intended Removal of Petitioner from Guantanamo" [#23]. He has also filed a "Motion to Stay Habeas Action and Hold Habeas Action in Abeyance" [#15], pending resolution of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) (concluding that the district court no longer had jurisdiction over petitions for habeas corpus brought by those detained by U.S. military at Guantanamo pursuant to the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA")).

On June 29, 2007, the Supreme Court granted certiorari in *Boumediene*. *See* 75 U.S.L.W. 3707 (June 29, 2007). On July 26, 2007, the D.C. Circuit granted petitioners' motion to recall the mandate in *Boumediene* pending the Supreme Court's review of that decision. *See*

*Boumediene*, No. 05-5062 (D.C. Cir. July 26, 2007) (order granting motion and recalling the mandate).

In his motion for 30 days' notice, Hentif alleges that he might be transferred without notice to Yemen or another country where he may be denied access to the courts and/or tortured. Petitioner seeks an order providing him notice and adequate opportunity to contest any intended transfer and to stay his petition in light of the Supreme Court's pending review in *Boumediene*. In response to an order to show cause why the court should not enter these orders, the Government contends, *inter alia*, that *Boumediene* and the MCA deprive this court of jurisdiction over such motions.[1]

In light of the recall of the mandate in *Boumediene*, and upon consideration of the motions, the oppositions thereto, the record in this case, and pursuant to this court's decision in *Abdah v. Bush*, 2005 WL 711814, at *7 (D.D.C. Mar. 29, 2005), it is this 28th day of July, 2007, hereby

**ORDERED** that the "Motion for Temporary Restraining Order and Preliminary Injunction Requiring Respondents to Provide Counsel for Petitioner and the Court with Thirty Days' Advance Notice of Intended Removal of Petitioner from Guantanamo" [#23] is **GRANTED**; and it is further

---

[1] The D.C. Circuit, however, has denied motions to vacate a district court's 30 days' notice of transfer orders and has confirmed that district courts may "consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court." *See Al Ginco v. Bush*, 06-5191 (D.C. Cir. June 7, 2007).

**ORDERED** that Petitioner's "Motion to Stay Habeas Action and Hold Habeas Action in Abeyance" [#15] is **GRANTED** and all matters in the above-captioned action are **STAYED** pending resolution of the Supreme Court's review of *Boumediene*.

Henry H. Kennedy, Jr.
United States District Judge