UNCLASSIFIED//FOR PUBLIC RELEASE

~~SECRET//NOFORN~~

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Filed with Classified
Information Security Officer

CISO S. Harwood

Date 7/27/2012

FADEL HUSSEIN SALEH )
HENTIF, *et al.*, )
)
    Petitioner, ) Civil Action No. 06-1766 (RCL)
)
v. )
)
BARACK H. OBAMA, *et al.*, )
)
    Respondents. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is petitioner Fadhel Hussein Saleh Hentif (ISN 259)'s motion for reconsideration [280] of Judge Henry H. Kennedy's August 1, 2011 order [279] denying his petition for a writ of habeas corpus. Upon consideration of the motion, the respondents' opposition [282] and the petitioner's reply [283], the entire record herein, and the applicable law, the Court will deny the motion.

### I.    BACKGROUND

Pakistani authorities seized Hentif in late 2001, and the government has held him at the naval base detention facility in Guantanamo Bay, Cuba, since early 2002. Hentif filed a petition for a writ of habeas corpus on October 16, 2006, alleging that the government was unlawfully detaining him. The parties filed cross-motions for judgment on the record, and Judge Kennedy held a four-day hearing on the merits. Judge Kennedy issued a memorandum opinion and order denying the petition, an unclassified, redacted version of which [281] was made available to the public on September 15, 2011.

Judge Kennedy's memorandum opinion thoroughly surveys the arguments made and weighs the credibility of submitted evidence regarding whether Hentif was part of al Qaeda or the Taliban, and thus whether the government could lawfully detain him. *See Suleiman v. Obama*, 670 F.3d 1311, 1312 (D.C. Cir. 2012). The opinion focused primarily on three contested factual issues: (1) why Hentif decided to travel to Afghanistan; (2) whether Hentif stayed at an al Qaeda guesthouse in Kandahar, Afghanistan; and (3) the details of Hentif's activities in Afghanistan.

As to the first issue, [REDACTED] Judge Kennedy also discussed Hentif's involvement with the Abu Bakker Al Saddiq mosque in Sana'a, Yemen, before he left for Afghanistan; at that mosque, Hentif took a course with a sheik who, according to another detainee, ISN 41, advocated for joining the religious struggle in Afghanistan.

The parties disputed the role of Abu Yasser, another man Hentif met at the mosque, in convincing Hentif to travel to Afghanistan. Hentif stated in interrogations that Abu Yasser gave him the idea to conduct humanitarian work abroad and conveyed logistical information about getting to Afghanistan. The government stated that, according to ISN 41, a man named Yasir Naji inspired that detainee to travel to Afghanistan for jihad. The government argued that Abu Yasser and Yasir Naji were the same person, and thus that Abu Yasser likely advocated that Hentif wage jihad in Afghanistan. Judge Kennedy determined this assertion to be unfounded.

~~SECRET//NOFORN~~

Then, Judge Kennedy discussed Hentif's travel to Afghanistan and noted disagreement regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ whether Al Adani led Hentif to stay at a guesthouse in Quetta, Pakistan. However, Judge Kennedy determined evidence that Al Adani was affiliated with Al Qaeda to be "particularly damning" with respect to Hentif's motivations. Mem. Op. at 14.

Judge Kennedy then turned to Hentif's admitted stay at an Al Qaeda guesthouse in Kandahar, Afghanistan, run by Abu Khulud. Hentif's admission that he stayed at the guesthouse for about five days was "powerful—indeed, overwhelming—evidence that [he] was part of Al Qaeda." Mem. Op. at 21 (citing and quoting *Al Adahi v. Obama*, 613 F.3D 1102, 1108 (D.C. Cir. 2010)). Judge Kennedy also deemed important evidence that



He determined, however, that Hentif did not attend training courses for al Qaeda in Afghanistan.

Finally, Judge Kennedy discussed the remainder of Hentif's time in Afghanistan. Hentif wanted to meet a man named Omar Al Shamali, and Abu Khulud, who operated the guesthouse in Kandahar, told Hentif that a man named Hamza Al Ansari in Kabul, Afghanastan, could put the two in touch. Hentif traveled to Kabul and stayed with Al Ansari before meeting with Al Shamali. The government argued that Al Ansari's house was an al Qaeda guesthouse, but Judge Kennedy disagreed. The government also argued that Al Shamali attended al Qaeda training camps and fought at Tora Bora, which Judge Kennedy also found not to be credible.

Furthermore, while in Kabul, Hentif did work for two men, Qari Bilal and Abdul Qahar, delivering medical and food supplies. Judge Kennedy agreed that Hentif's work in Kabul was humanitarian in nature, ███████████████████████████████ ███████████████████████████████████████████████████████████ The respondents argued that Abdul Qahar and Qari Bilal were associated with the Taliban and that Hentif's work for them was likely for the benefit of the Taliban, but Judge Kennedy discounted these claims. Following his work in Kabul, Hentif left Afghanistan and was seized at the border between Afghanistan and Pakistan; Judge Kennedy disbelieved the respondents' assertions that Hentif fought and fled from the battle at Tora Bora.

Having made factual findings regarding the respondents' assertions, Judge Kennedy ultimately concluded that the respondents had carried their burden of proof by a preponderance of the evidence that Hentif was a part of al Qaeda. Key to that determination were ███████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████

~~SECRET//NOFORN~~

███████████████

Hentif's admission that he stayed at an al Qaeda guesthouse in Kandahar; and his ███ possession of a Casio watch at the time of his seizure. Taken this together, this evidence was sufficient to validate the government's detention of Hentif.

Hentif now moves for reconsideration, arguing that ███████ ███████ throws into doubt the validity of Judge Kennedy's conclusion.

## II. ANALYSIS

Federal Rule of Civil Procedure 59(e) provides a vehicle for reconsideration of final judgments. *See Obaydullah v. Obama*, Civ. No. 08-1173, 2011 U.S. Dist. LEXIS 30504 (D.D.C. March 24, 2011) (considering Rule 59(e) motion regarding denial of petition for writ of habeas corpus).[1] The decision whether to grant a Rule 59(e) motion "is discretionary," and such motions should not be granted unless "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1025, 1208 (D.C. Cir. 1992).

Hentif argues that reconsideration is appropriate because ███████████████████████████████████████

---

[1] Hentif also purports to file his motion under Fed. R. Civ. P. 59(a). Rule 59(a)(2) provides that, "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Hentif does not suggest however that the Court conduct another merits hearing. The Court accordingly considers Hentif's motion as a standard motion for reconsideration under Rule 59(e).

SECRET//NOFORN



Thus, he argues, Judge Kennedy's determination that Hentif was lawfully detained rests in part on a faulty ▮▮▮ and warrants reconsideration.

The government disclosed ▮▮▮ well prior to Judge Kennedy's order denying Hentif's petition, and it thus cannot be considered "newly discovered evidence" for the purposes of a motion for reconsideration. Although Hentif notes that disclosure postdated the merits hearing, Hentif had access to the ▮▮▮ for over six months while disposition of his habeas petition was pending. Hentif thus had ample opportunity to present Judge Kennedy with notice of the issue prior to judgment. Evidence is not "newly discovered" if a party had the ability to present it to the finder of

SECRET//NOFORN

fact prior to entry of judgment. *See Harris v. Howard Univ.*, Civ. No. 95-1111, 1996 U.S. Dist. LEXIS 21780, *9 (D.D.C. May 23, 1996) ("Because plaintiff brings forth new allegations . . . whose factual predicate was known to her two months prior to this court's entry of judgment, the court concludes that her motion cannot be granted based on this ground."); *cf., e.g., Destfino v. Kennedy*, Civ. No. 08-1269, 2009 U.S. Dist. LEXIS 37520, *15 (E.D. Cal. May 4, 2009) (determining that cases predating order for which reconsideration was sought were not "intervening" changes in case law); *United States v. Grenier*, Crim. No. 5:06-346, 2006 U.S. Dist. LEXIS 70450, *6 (N.D. Ohio Sept. 28, 2006) (same).

Even if the Court determined ▓▓▓▓ to constitute "newly discovered evidence," it would not suffice to warrant reconsideration. Although the ▓▓▓▓ undermines the accuracy of Judge Kennedy's determination ▓▓▓▓ does not *contradict* this determination. ▓▓▓▓ the government would still be able to carry its burden of persuasion. To reiterate, Judge Kennedy found particularly important ▓▓▓▓

~~SECRET//NOFORN~~

Hentif's admission that he stayed at an al Qaeda guesthouse in Kandahar; and his ▓▓▓ possession of a Casio watch at the time of his seizure. This evidence, considered in total, demonstrates the lawfulness of Hentif's detention. Accordingly, ▓▓▓ does not compel reconsideration, and concomitantly no manifest injustice exists requiring reconsideration.

### III.  CONCLUSION AND ORDER

For the reasons stated above, it is hereby

**ORDERED** that the petitioner's motion is **DENIED**.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on July 26, 2012.